Aaron R. Stiegler, Esq. (SBN 236019)
Email: stiegler@cz.law
Sark Ohanian, Esq. (SBN 208905)
Email: sark@cz.law
**CARPENTER & ZUCKERMAN**
8827 West Olympic Boulevard
Beverly Hills, CA 90211-3613
Telephone: (310) 273-1230

Attorneys for Plaintiff, MARY JANE RUGGLES

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY JANE RUGGLES, an Individual<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES; and DOES 1 to 50, Inclusive,<br><br>Defendants. | CASE NO.:<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR:**<br><br>1.   **NEGLIGENCE** |

Plaintiff, MARY JANE RUGGLES ("RUGGLES"), an individual, and by and through her attorneys CARPENTER & ZUCKERMAN, hereby complain and allege against the defendant, UNITED STATES ("U.S.") and DOES 1 through 50 as follows:

**I.   INTRODUCTION**

1. In this action, Plaintiff seeks to recover monetary damages for her injuries she suffered as a result of a motor vehicle collision which occurred in the city of Long Beach in Los Angeles County, California on October 26, 2019.

2. On October 26, 2019, RUGGLES was operating a 2014 Kia Soul westbound on Magnolia Road towards Parking Lot C at the Long Beach VA Medical Center, located at 5901 East 7th Street, Long Beach, CA 90822, in Los Angeles

County, California.

3. At that time, Mario Cesar Munoz (hereinafter "MUNOZ"), a VA Police Officer employed by the U.S. Department of Veterans Affairs (hereinafter "VA") was operating a marked government vehicle, Ford Explorer (hereinafter "Subject VA vehicle") of unknown vehicle year, westbound on Magnolia Road.

4. While traveling westbound on Magnolia Road, MUNOZ suddenly stopped the Subject VA vehicle, activated the overhead lights, placed the vehicle in reverse, and struck RUGGLES' vehicle behind him causing the subject collision. (hereinafter "SUBJECT COLLISION").

5. MUNOZ, was acting in the course and scope of his employment with the VA, and DOES 1 to 50, and each of them at the time of the SUBJECT COLLISION.

6. The registered owner(s) of the Subject VA vehicle were defendants, and each of them.

7. The Subject VA vehicle was negligently entrusted to MUNOZ by each and every other defendant.

8. RUGGLES was severely injured in the SUBJECT COLLISION and has since been required to undergo numerous medical procedures.

## II. PARTIES

9. RUGGLES is, and at all times relevant herein was, a resident of the County of Los Angeles, State of California.

10. Defendant U.S. is a sovereign nation, which has subjected itself to the jurisdiction of this Court.

11. The true names and capacities of defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff

alleges that each fictitiously named defendant acted or failed to act in such a manner that each has contributed in proximately causing the damages to Plaintiff as herein alleged. Plaintiff will seek leave of Court to amend this complaint to set forth their true names and capacities when ascertained. Reference herein to "Defendant" or "Defendants" shall include reference to all defendants, including all named and all fictitiously named defendants.

12. Plaintiff is informed and believes, and based upon such information and belief alleges, that at all times relevant hereto, each Defendant was the owner, agent, employee or employer of each of its co-Defendants, and in doing the acts hereinafter mentioned, each Defendant was acting within the scope of its authority and with the permission and consent of its co-Defendants, and each of them, and that said acts of each defendant was ratified by said Defendant's co-Defendants.

### III.   JURISDICTION AND VENUE

13. The jurisdiction of the court over the subject matter of this action is predicated and based upon, without limitation, 28 U.S.C. § 1346, 2671-2680, and 28 U.S.C. § 1367.

14. Pursuant to 28 U.S.C. § 1391 venue is proper as a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction of the United States District Court for the Central District of California.

15. On or about October 25, 2021, Plaintiff timely presented an administrative tort claim to the U.S. Department of Veterans Affairs, Office of General Counsel, Case No.: Q#6001R20191026-000457.

16. On or about March 8, 2022, RUGGLES claim was denied.

///

///

///

## IV. FACTS

### A. The Collision

17. On October 26, 2019, RUGGLES was operating a 2014 Kia Soul westbound on Magnolia Road towards Parking Lot C at the Long Beach VA Medical Center, in the city of Long Beach, Los Angeles County, California.

18. At that time, Defendant's employee, MUNOZ, a VA Police Officer, was operating the Subject VA vehicle, and reversed his vehicle and struck the front of RUGGLE's vehicle, causing the Subject Collision.

19. MUNOZ operated the Subject VA vehicle in an unsafe manner and failed to keep a proper lookout for traffic when he reversed his vehicle causing the collision. Furthermore, MUNOZ caused the subject collision in violation of California Vehicle Code Section 22106.

20. Plaintiffs allege that at the time of the Subject Collision, MUNOZ was working as a Police Officer in the course and scope of his employment or agency with defendants, and each of them, at the time of the Subject Collision.

### B. Damages

21. As a factual and legal result of Defendants' negligence, carelessness, and reckless disregard for the safety of others, RUGGLES was injured in her health, strength and activity, and sustained injury to her body, nervous system, and person, all of which have caused and continue to cause RUGGLES great mental, physical, and nervous pain and suffering and severe emotional distress.

22. As a factual and legal result of the aforementioned negligence, RUGGLES has suffered damages in an amount which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

23. Plaintiff is informed and believes, and based upon such information and belief, allege that said injuries will result in some permanent disability to RUGGLES, all to her general damages in a sum which exceeds the minimum jurisdictional

1 limits of this Court, according to proof at time of trial.

2 24. As a further factual and legal result of Defendants' negligence, carelessness, and reckless disregard for the safety of others, RUGGLES was required to and will have to employ physicians for medical examinations, treatments and/or care of said injuries.  Plaintiff will ask leave of court to amend this complaint to set forth the correct amount of medical and incidental expenses when the same are fully and finally ascertained.

## COUNT 1

**For Negligence by Plaintiff Ruggles and Against Defendants, and Each of Them**

25. RUGGLES repeats and re-alleges paragraphs 1 through 24 above as if set forth fully herein.

26. On October 26, 2019, Defendants' employee, MUNOZ, a VA Police Officer, was operating the Subject VA Vehicle reversed his vehicle causing the subject collision. Furthermore, MUNOZ caused the subject collision in violation of California Vehicle Code Section 22106.

27. MUNOZ was working as Police Officer employed by Defendants, and each of them, and acting in the course and scope of his employment with Defendant U.S. and DOES 1 to 50, and each of them.

28. The registered owners of the Subject VA Vehicle were defendants, and each of them.

29. The Subject VA Vehicle was negligently entrusted to MUNOZ by each and every other defendant.

30. RUGGLES was severely injured in the Subject Collision and has since been required to undergo numerous medical procedures.

31. Defendants breached their duties, without limitation, to avoid placing others in danger, and/or to keep a proper lookout, and/or to exercise reasonable, ordinary care to avoid a collision.

32. The Defendants further negligently serviced, repaired, maintained, and inspected the Subject VA Vehicle, which proximately caused the injuries herein described.

33. The Defendants further negligently entrusted their vehicles to their operators, which proximately caused the injuries herein described and are further liable to the plaintiff pursuant to, without limitation, California Vehicle Code § 22106.

34. As a direct result of Defendants' negligence, RUGGLES has suffered damages, which were reasonably foreseeable, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS AGAINST DEFENDANTS, AND EACH OF THEM:

    a. For general damages according to proof in an amount exceeding the minimum jurisdiction of this court and for special damages including, without limitation, for medical expenses, medication, future medical expenses, other out-of-pocket expenses and economic damages in an amount according to proof at time of trial in excess of $500,000.00;

    b. For costs of suit incurred herein; and

    c. For such other and further relief as the court may deem proper.

DATED: August 29, 2022                        CARPENTER & ZUCKERMAN

                                                   By: /s/ Aaron R. Stiegler
                                                         Aaron R. Stiegler, Esq.
                                                         Attorney for Plaintiff,
                                                         MARY JANE RUGGLES